ALEJANDRO MONTALVO, LUCIANO FERREIRO, JR., MARCOS GONZÁLEZ PAGÁN y JOSÉ A. SANTIAGO, demandantes y apelantes, *v.* PAUL SMITH CONSTRUCTION COMPANY OF P. R., demandada y apelada.

Núm. 9063.—*Sometido:* Marzo 9, 1945. *Resuelto·* Abril 9, 1945.

*Frank Torres*, abogado de los apelantes; *E. T. Fidler, José G. González, Jorge M. Morales, Tomás I. Nido y Ramón L. Nevares,* abogados de la apelada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Se trata en este caso de una reclamación de salarios por horas extras que los demandantes alegan haber trabajado para la corporación demandada, en exceso de las ocho horas de la jornada legal de trabajo.

En la demanda se alega que la demandada es una corporación doméstica organizada bajo las leyes de Puerto Rico, dedicada al negocio de construcción de edificios y obras de ingeniería; que los demandantes fueron empleados por la demandada para trabajar en el proyecto de construcción del Campamento Militar conocido como "Losey Field", en Juana Díaz, Puerto Rico; y que las horas extraordinarias reclamadas por cada uno de los demandados son como sigue:

*Alejandro Montalvo:*

De noviembre 22, 1940 a marzo 13, 1941 a 39 centavos la hora normal, reclama 287 horas extras a 78 centavos p.h. $223.30

De abril 9 de 1942 a julio 2, 1942, a 45 y 50 centavos la hora normal, reclama 245 horas extras a 90 centavos y $1.00 por hora_____ 237.30

De julio 2, 1942 a agosto 6, 1942, a 50 centavos la hora normal, reclama 56 horas extras que se le pagaron a tiempo y medio en vez de doble_____ 14.12

· Total_____ $474.72

*José A. Santiago:*

De noviembre 22, 1940 a abril 3, 1941, a razón de 26½ centavos por hora normal, reclama 933 horas extras a 53 centavos por hora_____ $494.49

*Luciano Ferreiro, Jr.:*

De noviembre 22, 1940 a abril 3, 1941, a razón de 26½
centavos por hora normal, reclama 929 horas extras a 53
centavos por hora_____ $492. 37

*Marcos González Pagán:*

De noviembre 22, 1940 a enero 23, 1941 a razón de 25
centavos por cada hora normal, reclama 428 horas extras a
50 centavos la hora_____ $214. 00

Contestó la demandada negando específicamente los hechos esenciales de la demanda; y negó especialmente haber empleado a los demandantes o a cualesquiera de ellos durante cualquier tiempo antes de octubre 21 de 1941. Como defensas especiales, alegó:

1. Que la demandada fué incorporada de acuerdo con las leyes de Puerto Rico el día 21 de octubre de 1941, no habiendo hecho negocios antes de esa fecha.

2. Que la Corte de Distrito de Ponce carecía de jurisdicción para conocer del caso porque los hechos alegados en la demanda, de haber ocurrido, ocurrieron en Losey Field, que es un terreno perteneciente al Gobierno de los Estados Unidos y constituye una reserva federal, de cuyo hecho la corte tiene conocimiento judicial.

3. Que si los demandantes en alguna ocasión trabajaron más de ocho horas, "no tendrían derecho a recobrar por más de una hora extra después de las ocho horas"; y que si trabajaron más de nueve horas lo hicieron en violación de la ley y están por tanto impedidos de reclamar compensación por las horas en exceso de las nueve horas autorizadas por la Ley número 49 de agosto 7 de 1935.

4. Que las reclamaciones de los demandantes están prescritas, por cuanto han transcurrido sesenta días después de haber terminado el trabajo cuyo pago se reclama, de acuerdo con la Ley número 73 de mayo 4 de 1931 (pág. 459.)

Visto el caso ante la Corte de Distrito de Ponce, ésta dictó sentencia desestimando la demanda. Se fundó dicha

sentencia en que habiendo los propios demandantes probado que la demandada es una corporación doméstica incorporada en octubre 21 de 1941, fecha en que le fué expedido el certificado de incorporación por el Secretario Ejecutivo de Puerto Rico, dicha corporación no tenía personalidad jurídica ni existencia legal antes de dicha fecha y por lo tanto no podía contratar los servicios de los demandantes en las fechas alegadas en la demanda. Los demandantes apelaron.

■ Como primer señalamiento se alega que la corte sentenciadora erró al no declarar probados los hechos de la demanda, no habiendo la demandada aducido prueba en contrario. Hagamos un resumen de la prueba.

Antes de ofrecer su prueba testifical, los demandantes presentaron y fué admitido el certificado de la incorporación de la compañía demandada en octubre 21 de 1941.

Declaró el demandante *Aejandro Montalvo* que trabajó para la demandada durante los tres períodos alegados en la demanda; que siempre trabajó los siete días de la semana; que durante el período de noviembre 22, 1940 a marzo 13, 1941 trabajó desde las seis de la mañana hasta las seis de la tarde; que desde abril 9, 1940 a agosto 6, 1940 trabajó desde las siete de la mañana a las seis de la tarde; que la persona que le dió el empleo en noviembre 22 de 1940 fué el Sr. Lloyd Smith, Secretario oficial de la compañía; que en el primer proyecto trabajaba en la oficina, en el barrio Potala, de Juana Díaz, como jefe de listeros, encargado de dar las placas a unos dos mil trabajadores; que los viernes, días de nóminas, trabajaba hasta las doce o una de la noche; que en el segundo proyecto trabajó como encargado de materiales; que cuando empezó a trabajar en noviembre 22, 1940, el Sr. Lloyd Smith le entregó una placa de identificación que tiene impreso en su parte superior lo siguiente: "Paul Smith Construction Company, Inc. 40"; que nunca le pagaron por las horas extras que trabajó; que para el trabajo en el segundo proyecto también fué empleado por el Sr . Lloyd

Smith, quien le escribió una carta en papel timbrado de "Paul Smith Construction Co., Incorporated, General Contractors, P. O. Box 4671, San Juan, Puerto Rico"; que durante el primer período ganaba 39 centavos por hora o sea $22 semanales y durante el segundo 50 centavos por hora; que el trabajo lo hizo en Losey Field, primero en la construcción de cuarteles y casas, y luego en la construcción de la pista aérea de Losey Field.

*Luciano Ferreiro,* demandante, declaró que trabajaba como conductor de una guagüita, la cual sacaba a las seis de la mañana; que terminaba su trabajo un día a las ocho y al otro día a las doce de la noche y trabajaba los siete días de la semana, inclusive los domingos; que ganaba $15 semanales; que trabajó desde el 22 de noviembre de 1940 hasta el 3 de abril de 1941; que no le pagaron por las horas extras que trabajó; que trabajó con Paul Smith Construction Company y lo emplearon en el pueblo, en el Hotel Meliá de Ponce el Sr. Lloyd Smith y el Sr. Carl Smith y le dieron una placa que dice: "Paul Smith Construction Company, Inc. 35".

*Marcos González,* demandante, declaró que trabajó para Paul Smith Construction Company, como "watchman", desde noviembre 22, 1940 a enero 23, 1941, entrando al trabajo a las cuatro de la tarde y saliendo a las siete de la mañana; que quien le colocó fué Harry C. Smith, uno de los jefes de la compañía; que ganaba $14 semanales por siete días; que reclama porque trabajó quince horas y el convenio era trabajar ocho horas nada más.

*José Antonio Santiago,* demandante, declaró que trabajó para la Paul Smith Construction Company of P. R., como chófer; empezó el 22 de noviembre de 1940 y terminó el 3 de abril de 1941; el que le empleó fué el jefe Mr. Lloyd Smith; trabajaba los siete días de la semana desde las seis de la mañana hasta las ocho de la noche y algunos días hasta las doce de la noche, alternando con el otro chófer; que su

sueldo era $15 semanales; que le dieron una placa igual a la de los otros demandantes; y que el trabajo lo hacían en Losey Field, que es una base del Ejército de los Estados Unidos.

Llamado por los demandantes, el señor *Ernest Lloyd Smith,* declaró: que reside en Puerto Rico desde diciembre 1, 1940 y antes de esa fecha residía en Saint Thomas, dedicándose al negocio de construcción de bases navales como representante de Paul Smith Construction Co., que es una corporación organizada bajo las leyes del estado de Florida; que vino a Puerto Rico para negocios de construcciones; que su primer negocio fué la construcción de una base aérea para el ejército en Losey Field; que la Paul Smith Construction Company of Puerto Rico no tiene relación alguna con la Paul Smith Construction Company of Florida.

Opinamos que el tribunal inferior no erró al apreciar la evidencia presentada por los demandantes. La demanda ha sido dirigida contra Paul Smith Construction Company of P. R., corporación que no adquirió existencia legal hasta octubre 21 de 1941, fecha en que le fué expedido el certificado de incorporación por el Secretario Ejecutivo de Puerto Rico. La prueba demuestra que los cuatro demandantes fueron empleados por representantes de Paul Smith Construction Co., Inc., corporación organizada en el estado de Florida. Con excepción de las horas extras que el demandante Montalvo alega haber trabajado para Paul Smith Construction Co. of P. R., durante el período de abril 9 a agosto 6 de 1942, todas las demás reclamaciones se refieren a fechas anteriores a la de la incorporación de dicha compañía en Puerto Rico. La prueba no solamente ha dejado de establecer la existencia de relaciones o de intereses comunes entre la corporación de Florida y la de Puerto Rico, si que por el contrario demostró con la declaración de Ernest Lloyd Smith, testigo de los demandantes, la inexistencia de tales relaciones o intereses.

La representación legal de los demandantes, habiendo sentado en la silla testifical al Sr. Ernest Lloyd Smith, quien declaró ser el "Office Manager" de la corporación de Florida y el Secretario de la corporación doméstica, no hizo el menor esfuerzo para obtener de dicho testigo los datos e informes que hubieran tal vez establecido la existencia de una comunidad de intereses entre ambas entidades que pudiera servir de base para imponer a la corporación doméstica la responsabilidad de cumplir las obligaciones contraídas por la corporación extranjera. No erró, pues, la corte inferior al desestimar la demanda en cuanto a las reclamaciones por trabajos realizados con anterioridad al 21 de octubre de 1941.

La reclamación del demandante Alejandro Montalvo por horas extras trabajadas para Paul Smith Construction Company of Puerto Rico, durante el período de abril 9 a agosto 6 de 1942, quedó a nuestro juicio suficientemente establecida por la prueba. El demandante trabajó como encargado de los materiales de construcción de dicha compañía, desde las siete de la mañana hasta las seis de la tarde durante los siete días de la semana, incluyendo los domingos. Durante los 119 días incluídos en ese período, el demandante alega haber trabajado 245 horas extras, por las que reclama compensación doble, a 90 centavos y $1.00 por la novena, décima y undécima horas; y 56 horas extras, por las cuales reclama solamente 25 centavos por las horas novena, décima y undécima, por haber recibido ya tiempo y medio en vez de doble tiempo. Su declaración en el acto de la vista no fué contradicha por prueba alguna de la demandada.

La corte inferior desestimó la demanda en su totalidad, sin entrar a considerar y resolver la cuestión jurisdiccional levantada por la corporación demandada. Porque creemos que la reclamación del demandante, en cuanto a trabajo realizado en el segundo proyecto de Losey Field está bien fundada, nos vemos obligados a considerar y discutir dicha cuestión.

■ Alega la demandada, que habiendo ocurrido los hechos en que se basa la demanda en Losey Field, situado en terreno perteneciente al Gobierno de los Estados Unidos, el cual constituye una reserva federal, esta Corte carece de jurisdicción sobre la materia objeto de la demanda.

Esta Corte Suprema ha considerado y resuelto en varias ocasiones alegados conflictos de jurisdicción entre la Corte de Distrito de los Estados Unidos y los tribunales insulares.

En el caso de *Pueblo* v. *Suárez*, 51 D.P.R. 903, la cuestión envuelta era si la Corte de Distrito de San Juan tenía jurisdicción para conocer de la causa criminal incoada contra Suárez por haber usado explosivos para destruir el edificio ocupado por el correo de Puerta de Tierra. Resolvimos que sí la tenía, porque de la mera ocupación por el Gobierno Federal de un edificio con una oficina de correos, no surge presunción alguna de jurisdicción exclusiva de los tribunales federales, en ausencia de demostración de que el Gobierno Federal compró o expropió el edificio, con el consentimiento de la legislatura insular. Resolvimos, además, que la jurisdicción excepcional nunca se presume y que aquel que la alega debe probarla.

En *Pueblo* v. *Fuentes*, 56 D.P.R. 669, el apelante fué convicto de acometimiento y agresión y portar armas, habiendo sido ambos delitos cometidos en la carretera del Yunque. En su alegato ante esta Corte el apelante levantó la cuestión jurisdiccional, alegando que la corte de distrito actuó sin jurisdicción por pertenecer la carretera del Yunque a los Estados Unidos, bajo el control exclusivo del Gobierno Federal. Reafirmando nuestra decisión en *El Pueblo* v. *Suárez*, supra, resolvimos que no habiéndose probado que el Gobierno Insular hubiese traspasado al Federal la parte de la carretera en donde ocurrieron los hechos, el señalamiento de error no estaba bien fundado.

En el caso de autos, la parte apelada levantó la cuestión jurisdiccional, pero no presentó ni en la corte inferior ni ante esta corte prueba alguna para sostener su alegación y establecer las bases necesarias para poder invocar la jurisdicción excepcional de la Corte Federal. Por tales razones y de conformidad con las decisiones antes citadas la excepción de falta de jurisdicción debe ser desestimada.

■ Sólo nos resta fijar la cantidad que la demandada deberá satisfacer al demandante Alejandro Montalvo.

De conformidad con su declaración, durante los 84 días comprendidos entre abril 9 y julio 2 de 1942 Montalvo trabajó 245 horas extraordinarias; y desde julio 2 a agosto 6 de 1942, 56 horas más que le fueron pagadas a tiempo y medio o sea a 75 centavos la hora. Declaró Montalvo, que a él le pagaban $22 semanales y que durante todo ese tiempo trabajó de siete de la mañana a seis de la tarde o sea 11 horas diarias. De conformidad con la regla sentada en *Cardona* v. *Corte*, 62 D.P.R. 61, si Montalvo convino en que trabajaría once horas diarias durante los siete días de la semana o sea 77 horas a la semana, el tipo por hora resulta ser $28\frac{1}{2}$ centavos; y habiendo recibido el salario convenido de $22 semanales, resulta que "el obrero ya ha sido totalmente compensado al tipo ordinario por todas las doce horas, aunque él tendrá, desde luego, derecho a la compensación extra por la novena hora que el estatuto específicamente dispone que deberá recibir". El demandante Montalvo tiene por tanto derecho a doble compensación por la novena hora trabajada durante los 84 días de abril 9 a julio 2 de 1942, al tipo de $28\frac{1}{2}$ centavos por hora ordinaria; pero habiendo recibido ya compensación sencilla, ahora le corresponde recibir la compensación por las 84 horas extras, al tipo de $28\frac{1}{2}$ centavos, o sea la cantidad de $23.94. Por las 36 novenas horas trabajadas durante los 36 días de julio 2 a agosto 6 de 1942, computadas al tipo de $28\frac{1}{2}$ centavos por hora, el demandante debe recibir la suma de $10.26.

*La sentencia recurrida debe ser revocada y en su lugar se dictará otra condenando a la demandada a pagar al demandante Alejandro Montalvo la cantidad de $34.20, sin costas.*

El Juez Asociado Sr. De Jesús no intervino.